[842 NYS2d 447]

In the Matter of THOMAS A. GIAMANCO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 31, 2007

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of New Jersey dated November 17, 2006 (hereinafter the New Jersey order), the respondent was suspended from the practice of law for a period of three months in the State of New Jersey, effective immediately, and until further order of that court (*Matter of Giamanco*, 188 NJ 494, 909 A2d 1131 [2006]). The New Jersey order was based upon a decision of the Disciplinary Review Board of the Supreme Court of New Jersey (hereinafter the Disciplinary Review Board) dated October 19, 2006, finding that the respondent negligently misappropriated client funds in violation of New Jersey Rules of Professional Conduct, rule 1.15 (a), failed to keep pertinent records in violation of New Jersey Rules of Professional Conduct, rule 1.15 (d), and failed to file an answer to a complaint and to comply with the terms of an agreement in lieu of discipline in violation of New Jersey Rules of Professional Conduct, rule 8.1 (b).

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right to raise any of the defenses to the imposition of reciprocal discipline that are enumerated in 22 NYCRR 691.3 (c). The Grievance Committee further apprised the respondent of his right to demand a hearing, at which consideration would be given to any of those defenses which the respondent chose to raise. The respondent admitted service of the notice pursuant to 22 NYCRR 691.3 on March 14, 2007.

The respondent executed an agreement in lieu of discipline (hereinafter the agreement) with respect to violations of the New Jersey Rules of Professional Conduct involving his failure to safeguard property, his overdisbursement of client funds, and his record keeping. The agreement required the respondent to attend the New Jersey Bar Association Diversionary Continuing Legal Education Program within nine months. Despite being granted an extension to fulfill the requirement, the respondent failed to attend. Based on the respondent's failure to comply with the terms of the agreement, the New Jersey Office of Attorney Ethics filed an ethics complaint.

The Disciplinary Review Board found sufficient facts to support a finding of unethical conduct. The respondent's failure to answer the complaint was deemed an admission of the allegations. The respondent's record-keeping deficiencies resulted in his negligent misappropriation of client trust funds. The Disciplinary Review Board noted that a reprimand is generally imposed for such violations, with a reduction to an admonition if compelling mitigating factors exist.

In this case, the Disciplinary Review Board found aggravating, rather than mitigating, factors. These included the respondent's failure to cooperate, his disciplinary history, and his failure to comply with the terms of the agreement. Applying the principle of progressive discipline, the Disciplinary Review Board imposed a three-month suspension with a directive that the respondent reimburse administrative costs and the actual expenses incurred in the prosecution of this matter.

In the instant proceeding, the respondent has neither asserted any of the defenses enumerated in 22 NYCRR 691.3 (c), nor demanded a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

In view of the respondent's record-keeping deficiencies, and his failures to answer the New Jersey complaint and to comply with the terms of the agreement, he is suspended from the practice of law in New York for a period of six months.

PRUDENTI, P.J., MILLER, SCHMIDT, MASTRO and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Thomas A. Giamanco, is suspended from the practice of law for six months, commencing August 30, 2007, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (4); and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Thomas A. Giamanco, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Thomas A. Giamanco, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).