[886 NYS2d 194]

In the Matter of THOMAS A. GIAMANCO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 29, 2009

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Supreme Court of the State of New Jersey, by three separate orders, suspended the respondent from the practice of law for consecutive periods, totaling 2½ years.

The respondent was admitted to practice in New Jersey in 1983. He has offices in Ridgewood, New Jersey and Nanuet, New York.

In 1999 the respondent was reprimanded for engaging in gross neglect and lack of diligence, failing to communicate with a client, and misrepresenting the status of a case (*see In re Giamanco*, 161 NJ 724, 736 A2d 1289 [1999]). In 2005 he was censured for lack of diligence in a bankruptcy matter, conflict of interest for failing to withdraw from the representation after his client filed a civil suit against him, misrepresentation that the lawsuit against him was illegal because it was precluded by the fee arbitration process, and conduct prejudicial to the administration of justice for using threats and intimidation to try to convince his client to withdraw the civil suit against him (*see In re Giamanco*, 185 NJ 174, 883 A2d 350 [2005]).

On November 17, 2006, the respondent was suspended from the practice of law in New Jersey for three months for negligently misappropriating clients' funds and failing to comply with the terms of an agreement in lieu of discipline. The latter resulted in the filing of a formal ethics complaint against him, to which he failed to file an answer (*see In re Giamanco*, 188 NJ 494, 909 A2d 1131 [2006]).

Based on New Jersey's three-month suspension, this Court suspended the respondent for a period of six months, commencing on August 30, 2007 (44 AD3d 85 [2007]).

The respondent remains suspended to date in both New Jersey and New York.

On or about January 29, 2009, the Grievance Committee was notified by the Office of Attorney Ethics of the Supreme Court of the State of New Jersey (hereinafter OAE) of three additional disciplinary orders:

1. May 2, 2008 Order (Filed May 6, 2008)

By order of the Supreme Court of New Jersey dated May 2, 2008 and filed May 6, 2008, the respondent was suspended from

the practice of law for a period of one year, effective immediately, for multiple violations of New Jersey Rules of Professional Conduct (RPC) rule 1.3 (lack of diligence), RPC rule 1.4 (b) (failure to communicate with client) and RPC rule 8.1 (b) (failure to cooperate with disciplinary authorities). The May 2, 2008 order was based on a December 12, 2007 decision of the Disciplinary Review Board (hereinafter DRB).

Although served with ethics complaints in two separate matters, the respondent failed to cooperate and defaulted in both matters.

The first matter involved a client, Mary Foley, who retained the respondent in July 2004 in connection with a pending matrimonial action. At a pretrial hearing, the respondent agreed to have the complaint dismissed without prejudice and to enter into a pendente lite agreement. The respondent did not reduce the agreement to writing. In January 2005 Foley's husband served her with a new divorce complaint. The respondent failed to timely file an answer to the complaint, resulting in a default judgment against Foley. Subsequently, the default was vacated and the respondent filed an answer. At some point, Foley's husband ceased paying child support and maintenance on the marital residence. The respondent failed to take immediate action, as requested by his client, resulting in foreclosure proceedings and causing Foley to sell the marital residence. On November 16, 2005, the respondent appeared with Foley at a hearing and pressured her to agree to a property settlement that was not in her best interests.

The second matter involved John Franken, who retained the respondent in December 2004 in connection with the purchase of real property. Franken paid the respondent a fee in the sum of $600 and advanced funds for transfer and recording fees. At the December 20, 2004 closing, the respondent informed Franken that he would forward him copies of everything he signed. Several months later, Franken requested a copy of the filed deed. Sometime afterwards, the respondent mailed to Franken a copy of the unfiled deed. Franken's attempts to contact the respondent were unsuccessful. On August 3, 2006, Franken went to the County Clerk's office and discovered that the respondent had not filed the deed. Franken went to the respondent's home, at which time the respondent admitted that he never forwarded the deed or filing fees to the Clerk's office. Franken was never provided with any of the signed closing documents.

### 2. May 2, 2008 Order (Filed May 9, 2008)

By order dated May 2, 2008 (filed May 9, 2008) (hereinafter the corrected order), the Supreme Court of New Jersey suspended the respondent from the practice of law for a period of six months, effective May 7, 2009, for violating RPC rule 1.1 (a) (gross neglect), RPC rule 1.3 (lack of diligence), RPC rule 1.4 (a) and (b) (failure to communicate with client), RPC rule 1.16 (d) (failure to protect the client's interest on termination of the representation) and RPC rule 8.1 (b) (failure to cooperate with disciplinary authorities). The corrected order was based on a March 4, 2008 decision of the DRB.

The charges giving rise to the six-month suspension stem from the respondent's representation of a partnership consisting of 14 physicians who retained him to convert their office building into an office condominium. In August 2001 a partnership known as the Medical Arts Center of Ridgewood & Company (hereinafter MACRC) hired the respondent to convert their partnership agreement into a condominium agreement and the office building into an office condominium. In December 2001 MACRC paid the respondent the agreed sum, a flat fee of $7,500, for his services. The partnership was responsible for payment of costs and expenses. In June 2002 the respondent notified MACRC that there was a delay in obtaining title searches, but that he expected to wrap things up within several weeks. On April 23, 2003, the respondent notified MACRC that he would complete the paperwork for the final conversion and that the process would be completed by May 2, 2003. The respondent not only did not finalize the documents by May 2, 2003, but he never finalized the documents at all.

On November 13, 2003, one of the MACRC partners wrote to the respondent asking how he could be reached. On January 10, 2004, another partner wrote complaining about the lack of communication and asking for a return of the $7,500 fee. On January 27, 2004, MACRC complained to the Bergen County Bar Association. On August 20, 2004, the respondent sent a letter to MACRC, enclosing a bill for professional services rendered and a refund check in the amount of $4,500. The letter also stated that the respondent had been injured in a car accident in June 2003 and, that, as a result of the accident, he was unable to pay proper attention to the matter. Finding the respondent's actions unacceptable, MACRC demanded a return of the remaining $3,000. The $3,000 was never refunded.

At a District Ethics Committee (hereinafter DEC) hearing, the respondent attempted to justify his inaction, inter alia, by

the injuries he suffered from the June 2003 car accident, and a disagreement between two of the partners over the conversion.

The DEC found that the respondent's inactivity for a period of three years violated RPC rule 1.1 (a) (gross neglect), RPC rule 1.1 (b) (pattern of neglect), RPC rule 1.3 (lack of diligence), RPC rule 1.4 (a) and (b) (lack of communication with the client), RPC rule 1.16 (d) (failure to protect client's interests upon termination of the representation, based on his retention of an unearned fee) and RPC rule 8.1 (b) (failure to cooperate with discipline authorities).

The DRB conducted a de novo review and agreed, except as to the finding of a violation of RPC rule 1.1 (b).

3. Order Dated and Filed January 27, 2009

By order dated and filed January 27, 2009, the Supreme Court of New Jersey suspended the respondent from the practice of law for one year, consecutive to the term of suspension imposed by the corrected order dated May 2, 2008, effective November 8, 2009, for violating RPC rule 8.1 (b) (failure to cooperate with ethics authorities) and RPC rule 8.4 (d) (conduct prejudicial to the administration of justice), and imposed various conditions to be met prior to reinstatement and on reinstatement. The January 27, 2009 order was based on a August 19, 2008 decision by the DRB, which recommended the respondent's disbarment in light of the respondent's prior disciplinary history.

The November 17, 2006 order of suspension, which suspended the respondent for a period of three months, directed that the respondent comply with New Jersey Rules of Court rule 1:20-20, requiring, among other things, that attorneys "within 30 days after the date of the order of suspension . . . file . . . the original of a detailed affidavit specifying . . . how the disciplined attorney has complied with each of the provisions of this rule and the Supreme Court's order." On August 14, 2007, the OAE sent letters advising the respondent that he was required to file the affidavit. The respondent did not respond to the letter or file the affidavit. On January 2, 2008, the OAE met with the respondent in his home and reminded him of his obligation to file the required affidavit. During a January 24, 2008 telephone call, the respondent stated that he would forward the affidavit on Friday, January 25, 2008. The respondent did not file the affidavit or contact the OAE.

The respondent was served with a complaint on January 30, 2008 by regular and certified mail. The certified mail receipt

card was returned with the respondent's signature, but he did not answer within the allotted time. On February 25, 2008, the OAE sent a second letter, by certified and regular mail, notifying the respondent that if he did not file an answer within five days, the allegations of the complaint would be deemed admitted. The certified mail receipt card was returned indicating delivery on February 27, 2008. As of May 1, 2008, the respondent had not answered the complaint.

Although personally served with a copy of this notice on April 23, 2009, the respondent has not submitted a verified statement setting forth any of the defenses enumerated in 22 NYCRR 691.3 (c) or demanded a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

In view of the respondent's gross neglect, indifference to his clients, failure to cooperate with the New Jersey bar authorities, and his extensive disciplinary history, we find that reciprocal discipline is warranted and the respondent is suspended for a period of five years, consecutive to this Court's prior order of suspension dated July 31, 2007, which suspended him for a period of six months commencing August 30, 2007. The five-year period of suspension shall commence as of March 1, 2008. Any application by the respondent for future reinstatement to the New York bar will be contingent upon his reinstatement in New Jersey.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and BALKIN, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Thomas A. Giamanco, is suspended from the practice of law for a period of five years, consecutive to this Court's prior order dated July 31, 2007, commencing March 1, 2008, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (4) he has otherwise properly conducted himself; and it is further,

Ordered that the respondent's future reinstatement to the New York bar shall be contingent upon his reinstatement in New Jersey; and it is further,

Ordered that the respondent, Thomas A. Giamanco, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Thomas A. Giamanco, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Thomas A. Giamanco, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).